**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS N. ERVINE

    Plaintiff,

    v.

JESSICA CLARKE, et al.,

    Defendants.
_____/

No. C 00-3274 PJH

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

Plaintiff's motion to compel compliance with a duly issued subpoena requesting site inspection came on for hearing before this court on January 4, 2006. Plaintiff Dennis Ervine appeared through his counsel, Kevin A. Hughey and Keith M. Casto. Respondent San Quentin appeared through its counsel, John G. Donhoff. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion in part and GRANTS the motion in part as follows, for the reasons stated at the hearing.

Preliminarily, the court notes that, contrary to plaintiff's argument, respondent has not waived its objections to the subpoena. Respondent's letter to plaintiff dated July 18, 2005, was sufficient to place plaintiff on notice of respondent's written objections within the 14-day time frame contemplated by Federal Rule of Civil Procedure 45(c)(2)(B), despite the fact that respondent's written objections were not formally made until well afterwards.

Having dispensed with that procedural issue, the court rules as follows:

1. Plaintiff's request to compel inspection of the exercise yard is DENIED. Plaintiff failed to formally request inspection of the exercise yard in its subpoena to respondent, thereby precluding any motion to compel on the issue.

2. Plaintiff's request to compel inspection of any and all medical facilities available to the East Block inmates is DENIED. Plaintiff has failed to sufficiently demonstrate to the court how inspection of these facilities is likely to lead to the discovery of admissible evidence. In view of plaintiff's weak showing, the court is not persuaded that the probative value of the inspection outweighs respondent's legitimate concerns over safety, security, scheduling, and expense.

3. Plaintiff's request to compel inspection of the East Block condemned unit, including any and all cells and tiers in which plaintiff was housed between in 1999 and 2000 is GRANTED. Plaintiff has sufficiently demonstrated that inspection of the relevant tiers and cells may provide support for plaintiff's claims regarding the visibility of plaintiff's sick call request slips, and other claims related to whether plaintiff was "obviously ill," such that a case for deliberate indifference may be made. As such, the probative value of the inspection outweighs – albeit by a narrow margin – respondent's safety and security concerns.

Any inspection undertaken by plaintiff pursuant to the above shall be made by no more than one expert, and plaintiff shall not photograph or videotape respondent's premises as part of plaintiff's inspection. Respondent is entitled to have counsel present during the inspection, in order to preserve any relevant objections.

The parties have also requested, and the court has GRANTED, a two-week extension of time in which to submit expert reports.

**IT IS SO ORDERED.**

Dated: January 4, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge