UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS N. ERVINE,

    Plaintiff,

    v.

JESSICA CLARKE, et al.,

    Defendants.
_____/

No. C 00-3274 PJH

**FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.  The pretrial statements of the parties are incorporated herein except as modified by the court's ruling on the pretrial motions as stated at the final pretrial conference and summarized as follows.

I.     <u>MOTIONS IN LIMINE AND OTHER MISCELLANEOUS MOTIONS</u>

**Plaintiff:**

1)     Motion to exclude evidence concerning plaintiff's underlying conviction and crime of conviction is DENIED.  To the extent, however, that defendants seek to introduce evidence relating to the specific details and factors surrounding the underlying crime and conviction, the motion is GRANTED.  Moreover, no party may refer to either plaintiff's direct appeal or habeas petition pending in state court.

2)     Motion to exclude evidence concerning plaintiff's criminal history prior to the conviction for which he is currently incarcerated, including any alleged drug use, is GRANTED.

3)     Motion to exclude evidence concerning the specifics and/or particulars of plaintiff's military service during the Vietnam War is GRANTED.

4)     Motion to exclude evidence concerning plaintiff's familial relationships is GRANTED.

5) Motion to exclude evidence concerning plaintiff's prior medical history, including any psychological, physical or mental conditions, as well as any injuries sustained prior to 1999, or evidence of how he handled those conditions is GRANTED, except that defendant may introduce such evidence if such condition or conduct is causally related to the physical condition at issue here.

6) Motion to exclude evidence concerning plaintiff's prior violation of San Quentin rules and regulations, including evidence related to plaintiff's alleged possession of an illegal substance, is GRANTED.

7) Motion to exclude evidence concerning plaintiff's custody in Sacramento County and alleged incidents that occurred during said custody and evidence pertaining to the resultant lawsuit against Sacramento County officials is GRANTED.

8) Motion to deem certain requests for admissions admitted and conclusively established is DENIED.

9) Motion to exclude information and documents requested but not produced is DENIED.

10) Petition for writ of habeas corpus ad testificandum for the attendance at trial of death-row inmate witnesses Christopher Alan Spencer and DeWayne Michael Carey is DENIED as the court finds their personal appearance unnecessary and their testimony cumulative and largely inadmissible hearsay. In view of this finding, plaintiff's request that these witnesses be permitted to attend trial in civilian attire is similarly DENIED.  However, plaintiff may introduce relevant and admissible portions of the deposition testimony of one of the two inmates.

**Defendants:**

1) Motion to exclude evidence from or about and argument related to Plata et al. v. Schwarzenegger, et al., Case No. 01-1351 TEH, is GRANTED.

2

2) Motion to exclude testimony of plaintiff's niece and brother regarding plaintiff's health condition, where based on hearsay statements, is GRANTED. Notwithstanding, the court will permit testimony based on the witnesses' personal observations, and as to communications that bear on defendants' knowledge of plaintiff's health condition.

3) Motion to exclude testimony of inmate witnesses Spencer and Carey regarding plaintiff's health condition, where based on hearsay statements, is likewise GRANTED. The court will permit testimony based on personal knowledge within the limitations specified above in ¶ 10.

4) Motion to exclude argument or evidence that damages may be awarded based on the value of a constitutional right is GRANTED.

5) Motion for reconsideration of the court's prior order granting a writ of habeas corpus ad testificandum in connection with plaintiff's attendance at trial is GRANTED. As this matter was taken under submission, the court orders as follows. Given that plaintiff's original request for a writ was handled informally and telephonically in order to expedite the process, defense counsel's failure to obtain client approval regarding the attendance of plaintiff and other inmates will not be held against the clients who are all employees of the California Department of Corrections. The Department of Corrections through Captain Lawson has made a compelling showing that plaintiff, a death-row inmate convicted of killing a police officer to avoid arrest and of attempting to kill three other police officers who were attempting his arrest, poses a significant security risk as well as a risk of flight. Captain Lawson further advised the court with respect to the court's prior decision that plaintiff should not be shackled from the waist up during trial, that whenever plaintiff is not in his cell, his wrists and waist are shackled. As a result Captain Lawson is concerned about plaintiff's proximity to counsel, court staff, jurors and the public and to various implements on counsel table that could be used as a weapon during the trial. Captain Lawson also expressed concern about the

opportunity for plotting escape that would be available to plaintiff should he be returned to the court on consecutive days.  Lastly, Captain Lawson provided a description of the effort and manpower that would have to be devoted to bringing plaintiff to the courtroom on one or more days, which the department calculates would cost the state $3,500 a day.  Notwithstanding plaintiff's counsel's belief based on his contacts with plaintiff over the past year and on plaintiff's advanced age of 58, that plaintiff does not pose a risk of danger or flight, the court finds that he does.  Although a plaintiff in a civil suit who is confined in state prison at the time of trial, unlike a criminal defendant, has no absolute right to be personally present at a particular stage of his civil case, the court does find that given the nature of his claims, his testimony is necessary.  See Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1986); Hernandez v. Whiting, 881 F.2d 768, 770 (9th cir. 1989).  Further, given the conflicting testimony that is anticipated, the court finds that the jury should be permitted to see the plaintiff.  However, when balancing the probative value of his testimony and need for his personal appearance against the expense and security risk associated with transporting a death-row inmate to court and monitoring his appearance while in the courtroom open to the public, the scales tip in favor of the state.  Accordingly, plaintiff may appear to give testimony via video conferencing assuming the court's equipment is compatible with that of the Department of Corrections.  A test run is currently scheduled for Monday March 13, 2006.  If the equipment is compatible, plaintiff shall be made available to testify first thing **Tuesday morning, March 21, 2006**, the second day of trial.  Because of the expenses that will be saved by electronic appearance and because the state requested this option, the cost of the call shall be borne by the state.  Should the equipment prove to be incompatible, counsel for the parties shall immediately schedule and complete a trial deposition which must be videotaped for use at the trial.  Again, the state shall bear the cost and shall make plaintiff available next week for the

4

|   |   |   |
|---|---|---|
| 1 |   | deposition.  Counsel should call the courtroom deputy Monday afternoon to |
| 2 |   | find out the test results.  Accordingly, plaintiff's petition for writ of habeas |
| 3 |   | corpus ad testificandum is DENIED and the writ previously issued is |
| 4 |   | WITHDRAWN. |
| 5 | 6. | <u>Daubert</u> motion to exclude the testimony of plaintiff's expert, Mr. Stockman, is |
| 6 |   | GRANTED, however, Mr. Stockman may testify as a percipient witness to his |
| 7 |   | observations and recollections in connection with the site inspection of |
| 8 |   | plaintiff's cell or the parties may enter a stipulation as to his testimony and |
| 9 |   | forego calling him as a witness. |

III. <u>WITNESSES</u>

No additional witnesses may be added to the witness lists of either party.  The parties shall follow this court's Trial Rules with respect to notifying each other of which witnesses will be called each day.

IV. <u>EXHIBITS AND DISCOVERY EXCERPTS</u>

Any party using a deposition in lieu of live testimony must be prepared to reenact rather than simply read the deposition–in other words, two attorneys will be required.

V. <u>VOIR DIRE</u>

The court will conduct the voir dire incorporating the parties' joint questions.  Each side will e given 20 minutes for followup questions.  Seven jurors will be seated.

VI. <u>JURY INSTRUCTIONS</u>

The parties must jointly submit **on the first day of trial** a revised joint set of jury instructions.  The parties shall meet and confer in order to agree upon the instructions utilizing the Ninth Circuit Manual where possible.  The court expects that customized instructions will be submitted where the Manual provides no instruction or inadequate instructions.  Argumentative instructions will not be given.

VII. <u>VERDICT FORMS</u>

The submitted verdict forms are unacceptable.  The parties shall meet and confer and prepare a revised joint form of verdict and to submit it **on the first day of trial**.

## VIII. TRIAL SCHEDULE AND TIME LIMITS

Trial will take place over 4 days on Monday, Tuesday, Thursday and Friday, from 8:30 a.m to 1:30 p.m.  Each side will be permitted 5 hours trial time excluding jury selection and closing argument.  Should we be able to commence the trial on Monday afternoon, additional time will be available.

## IX. ADDITIONAL BRIEFING

The parties shall submit briefing to the court regarding the viability of plaintiff's section 1985 conspiracy claim, and specifically, whether such a claim may extend beyond the race-based discrimination context and how such claim should be presented in the verdict form and jury instructions.  Plaintiff shall file his brief no later than **4:00 p.m. on March 15, 2006,** and defendants shall provide the court with their response no later than **4:00 p.m. on March 17, 2006**.  Courtesy copies must be provided to chambers by fax no later than 4:00 p.m.

## X. MANDATORY SETTLEMENT CONFERENCE

The parties shall attend a mandatory settlement conference to be conducted by Magistrate Judge Laporte on **Thursday March 16, 2006 at 9:00 a.m.**  The defendants shall make sure that plaintiff is available by telephone during the conference.  A brief settlement conference statement shall be submitted (but not filed) to Judge Laporte's chambers by **Tuesday March 14, 2006, 4:00 p.m.**

IT IS SO ORDERED.

Dated:  March 10, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge