UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS N. ERVINE,

    Plaintiff,

    v.

JESSICA CLARKE, et al.,

    Defendants.

_____/

No. C 00-3274 PJH

**ORDER ON MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**

Before this court is defendant's motion for review of the clerk's taxation of costs, which the clerk issued on August 28, 2006, in the amount of $10,480.83 against plaintiff and in the amount of $13,914.02 against defendants. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby rules as follows:[1]

As the parties have noted in their briefs, plaintiff prevailed on his case at trial with respect to two of eight defendants, while the remaining six defendants were found not liable. Defendants, therefore, prevailed as to those six defendants. When costs are properly apportioned pursuant to Federal Rule of Civil Procedure 54(d), plaintiff is therefore entitled to 25 percent of his costs (as the prevailing party with respect to 2 of 8 defendants), and defendants are entitled to 75 percent of their costs (as the prevailing party with respect to 6 of 8 defendants).

The court has reviewed both the parties' briefs, and the underlying bills of costs

---

[1] This court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the October 11, 2006 hearing date is VACATED.

submitted by the parties, and is unable to determine whether the parties' costs as submitted to the clerk were properly apportioned, as stated above.  It appears that they were not, and that plaintiff, for example, has been granted costs as to the entirety of his case against all eight defendants, despite having only prevailed as to two.  While the defendants' revised bill of costs, by contrast, appears to have been properly filed on behalf of only six defendants, there is simply no indication in either the bill of costs or defendants' papers, that the actual costs set forth therein were reduced to reflect the proper apportionment.  Accordingly, the clerk's taxation of costs cannot be said to reflect the proper apportionment of costs, either, as it appears to grant costs to each side regardless of the degree to which each party prevailed.

The court will not require, on the one hand, that all defendants to bear plaintiff's costs, when plaintiff prevailed as to only two, or that the two liable defendants bear plaintiff's costs, when those costs are as to all defendants.  On the other hand, the court will similarly not require plaintiff, a death row inmate with clearly limited resources, to bear defendants' costs.

Accordingly, in consideration of all the above, and in further consideration of the equities present in the case, the court hereby ORDERS that all parties are to bear their own costs.

**IT IS SO ORDERED.**

Dated: October 5, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

2